**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| TRI-COUNTY TOWING & RECOVERY, | : <br> : <br> : |
| Plaintiff, | : <br> : <br> : |
| v. | : CIVIL ACTION NO. <br> : 1:10-CV-517-RWS <br> : |
| BELLSOUTH ADVERTISING & PUBLISHING CORPORATION d/b/a AT&T ADVERTISING AND PUBLISHING, | : <br> : <br> : <br> : <br> : |
| Defendant. | : <br> : |

**<u>ORDER</u>**

This case is before the Court on Defendant's Motion for Partial Summary Judgment [29]. After reviewing the entire record, the Court enters the following order.

**Background**

Tri-County Towing & Recovery ("Tri-County" or "Plaintiff") brought this action against BellSouth Advertising & Publishing Corporation ("BAPCO" or "Defendant") asserting claims for negligence and breach of contract. (Complaint, Dkt. No. [1] at ¶¶ 23-25). Defendant is the publisher of the AT&T Real Yellow

Pages. (Id. at ¶ 5). Plaintiff purchased advertising space in several of Defendant's Real Yellow Pages print directories. (Id. at ¶ 5).

Plaintiff's Complaint alleges that it contracted with Defendant to advertise in the Real Yellow Pages for the publication years 2005-2006, 2006-2007, 2007-2008, and 2008-2009. (Id. at ¶ 7). Plaintiff alleges that for each of these publication years, Defendant published incorrect information in Plaintiff's advertisements. (Id. at ¶ 13). Plaintiff is seeking damages for lost business, lost profits, damage to its business reputation, compensatory damages, punitive damages, and costs. (Id. at ¶ 30).

Defendant states that Plaintiff's claim should be dismissed because Plaintiff did not make any complaints within six months of the directory being published and Plaintiff paid for all of the advertising except for the last two payments of the 2008-2009 contract. (SOF[1] at ¶ 7, 12, 15, 19). Defendant is also bringing a counterclaim for breach of contract to recover the unpaid installments of the 2008-2009 contract and for breach of the forum selection clause. (Defendant's Counterclaim, Dkt. No. [19] at ¶ 11). Defendant has brought a motion for

---

[1] Defendant's Statement of Undisputed Facts in Support of Motion for Partial Summary Judgment ("SOF") [29-1].

2

summary judgment on its counterclaim for breach of the forum selection clause claiming that it is entitled to recover the litigation expenses incurred in transferring the case to this Court.  (Id.; SOF at ¶ 20).

Plaintiff states that it notified the defendant of the errors by returning a corrected proof for each advertisement and by sending a letter on November 4, 2008.  (Plaintiff's Brief in Response to Defendant's Motion for Summary Judgment ("Pl's Response"), Dkt. No. [33] at p. 16).  Plaintiff also alleges that its claim is not barred by the fact that it continued to make payments, because it is not seeking only the recovery of the fees paid, but it is also seeking damages for negligence.  (Id. at p. 12-13).  With respect to Defendant's counterclaim for attorneys' fees, Plaintiff states that Defendant is not entitled to damages because Plaintiff consented to the transfer and attorneys' fees are not proper in this case. (Id. at p. 21).  Even if Defendant were entitled to an award of attorneys' fees, Plaintiff contends that there is not sufficient evidence for the Court to make an award.  (Id. at p. 22).

In light of Plaintiff's responses outlined above, BAPCO brings the present Motion for Partial Summary Judgment asserting that there is no genuine issue as to any material fact relating to Plaintiff's claims and BAPCO's counterclaim for

3

breach of the forum selection clause and that BAPCO is entitled to judgment as a matter of law.  The Court now examines Plaintiff's assertions.

## Discussion

### I.    Standard for Summary Judgment

Defendant has moved for summary judgment on all of Plaintiff's claims as well as for its counterclaim for breach of the forum selection clause.  Federal Rule of Civil Procedure 56 requires that summary judgment be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(c).  "The moving party bears 'the initial responsibility of informing the . . . court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'"  Hickson Corp. v. N. Crossarm Co., 357 F.3d 1256, 1259 (11th Cir. 2004) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986) (internal quotations omitted)).  Where the moving party makes such a showing, the burden shifts to the non-movant, who must go beyond the

4

pleadings and present affirmative evidence to show that a genuine issue of material fact does exist. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).

The applicable substantive law identifies which facts are material. Id. at 248. A fact is not material if a dispute over that fact will not affect the outcome of the suit under the governing law. Id. An issue is genuine when the evidence is such that a reasonable jury could return a verdict for the non-moving party. Id. at 249-50.

In resolving a motion for summary judgment, the court must view all evidence and draw all reasonable inferences in the light most favorable to the non-moving party. Patton v. Triad Guar. Ins. Corp., 277 F.3d 1294, 1296 (11th Cir. 2002). But, the court is bound only to draw those inferences which are reasonable. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." Allen v. Tyson Foods, Inc., 121 F.3d 642, 646 (11th Cir. 1997) (quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986)). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Anderson, 477 U.S. at 249-50 (internal citations

5

omitted); see also Matsushita, 475 U.S. at 586 (once the moving party has met its burden under Rule 56(c), the nonmoving party "must do more than simply show there is some metaphysical doubt as to the material facts").

## II.     Plaintiff's Claims

Plaintiff's Complaint lists all of its claims under the heading of "gross negligence." (Complaint, Dkt. No. [1] at p. 2). However, the Court interprets Plaintiff's Complaint as also stating a claim for breach of contract. As an initial matter, all gross negligence claims fail because Plaintiff fails to allege that Defendant breached a duty independent of its contractual obligation. Doty Commc'ns, Inc., v. L.B. Berry & Co., 417 F.Supp.2d 1355, 1358 (N.D. Ga. 2006) (quoting Wallace v. State Farm Fire & Cas. Co., 247 Ga. App. 95, 98 (Ga. Ct. App. 2000)) ("A defendant's mere negligent performance of a contractual duty does not create a tort cause of action; rather, a defendant's breach of contract may give rise to a tort cause of action only if the defendant also breached an independent duty created by statute or common law.") Additionally, Plaintiff concedes that it cannot assert a claim for punitive damages. (Pl's Response Dkt. No. [33] at p. 20). Consequently, plaintiff's claims for gross negligence and for punitive damages are

6

**DISMISSED** and the only remaining issue is Plaintiff's breach of contract claim.[2] Thus, with the summary judgment standards as a foundation, the Court turns to address the merits of Defendant's motion for summary judgment on Plaintiff's breach of contract claim and Defendant's claim that Plaintiff breached the forum selection clause.

Plaintiff's Complaint seeks damages for advertisements placed during the publication years of 2005-2006, 2006-2007, 2007-2008, and 2008-2009. (Complaint [1] at ¶ 7). However, Plaintiff admits that it did not purchase advertising for the 2006-2007 publication year. (ROF[3] at ¶ 8). Thus, the Court will examine Plaintiff's claims for the remaining years.

Plaintiff contends that it is entitled to damages for the errors in the 2005-2006 publication of Defendant's Yellow Pages. (Complaint, Dkt. No. [1] at ¶ 7, 30). Defendant, however, argues that Plaintiff is barred from asserting this claim

---

[2] To the extent that Plaintiff seeks damages for breach of contract, those damages would be limited expressly by the contract to the amount charged for the advertising. (AT&T Terms and Conditions, Dkt. No. [29-2] at ¶ 12). This Court has found similar limitation of liability clauses to be enforceable. See Integrated Pest Mgmt. Serv, LLC, v. BellSouth Adver. and Publ'g Co., 2005 WL 3096131 (N.D. Ga.).

[3] Plaintiff's Response to Defendant's Statement of Undisputed Facts ("ROF") [33-13].

by the limitation period provided in the General Terms and Conditions (the "Contract") agreed upon between the parties. The pertinent part of the Contract provides:

> Limitation Period. Any claim arising out of an error in publication of Advertising or any claim arising out of the publication of the directory or directories must be made in writing to us within six (6)
>
> months of publication of the directory or directories (print or internet). Otherwise the claim shall be deemed waived by you.

(Contract, Dkt. No. [29-2] at ¶ 14). Defendant interprets this limitation provision as requiring Plaintiff to bring a lawsuit within six months of the error. (Defendant's Motion for Partial Summary Judgment ("Def's Memo"), Dkt. No. [29] at p. 17-18) (citing Giles v. Nationwide Mutual Fire Ins. Co., 199 Ga. App. 483 (Ga. Ct. App. 1991). However, the case cited by Defendant in support of this proposition is inapplicable to the case at bar. The limitation provision at issue in Giles was titled "suit against us" and specifically stated that "no action can be brought...unless the action is started within one year." Id. Neither the word "action" nor "suit" are present in the limitation clause at issue in this case. Thus, the Court interprets the limitation clause by its plain language in determining that Plaintiff is only required to notify the Defendant in writing, not initiate a lawsuit,

8

within six months of the publication of the directory. See Cincinnati Ins. Co. v. Davis, 153 Ga. App. 291, 294 (Ga. Ct. App. 1980) ("There is no construction required or even permissible when the language employed by the parties in the contract is plain, unambiguous, and capable of only one reasonable interpretation.")

Nevertheless, Defendant asserts that Plaintiff did not notify Defendant of any errors with the advertisement for the 2005-2006 print directory. (SOF at ¶ 7). In response, Plaintiff points to five pieces of evidence, one affidavit and four exhibits, none of which indicate that Plaintiff notified the Defendant of the error in the 2005-2006 ad in writing.[4] (ROF at ¶ 7) (See also Local Rule 56.1(b)(2)(a)(2)(i) (with regards to a responsive brief to a summary judgment motion, the "Court will deem each of the movant's facts as admitted unless the respondent directly refutes the movants facts with concise responses supported by specific citations to evidence"). Thus, Plaintiff has not identified any evidence that

---

[4] The affidavit cited by Plaintiff states that Plaintiff "notified" Defendant of the incorrect ad, but does not indicate that this notification was in writing. (See Di Francesco Affidavit, Dkt. No. [33-11] at ¶ 5(a)). The other four exhibits referenced by Plaintiff refer to either the 07-08 or 08-09 publications and are not relevant to Plaintiff's claims for the 05-06 publication year.

9

it notified Defendant of any error in writing within six months of the publication of the 2005-2006 directory.[5]  Consequently, these claims are deemed waived pursuant to the limitation period provided for in the contract.

Next, Plaintiff claims that it is entitled to damages for the 2007-2008 publication.  However, Defendant asserts that Plaintiff only notified it of errors over the telephone.  (SOF at ¶ 11).  Plaintiff admits this assertion and provides no evidence that it notified Defendant of the error in writing within six months of the publication.  (ROF at ¶ 11).[6]  Thus, Plaintiff's claims for damages pursuant to the 2007-2008 publication are waived.

Finally, Plaintiff is seeking damages due to errors in publication for the 2008-2009 directory. Plaintiff did send Defendant a letter dated November 4, 2008 notifying Defendant of the errors and the possibility that a suit could be brought against them.  (Letter, Pl's Exhibit D, Dkt. No. [33-4]).  Thus, the limitation period

---

[5] Even if Plaintiff's affidavit could be construed as evidence of written claims to Defendant for the 2005-2006 publication year, these claims would be barred by the voluntary payment doctrine, as will be discussed below.

[6] In response to Defendant's statement that Plaintiff never made a complaint in writing, Plaintiff points to an affidavit and four exhibits (Exhibits A, C, D, H).  (ROF at ¶ 19).  The affidavit and Exhibit A only refer to communications made prior to publication of the 07-08 directory.  (See Di Francesco Affidavit, Dkt. No. [33-11] at ¶ 5(a); See Pl's Exibit A, Dkt. No. [33-2]).  Exhibits C, D, and H refer to the 08-09 publication and are not relevant to Plaintiff's claims relating to the 07-08 directory.

10

provided for in the contract does not bar Plaintiff's claims for the 2008-2009 publication.

Nevertheless, any claims for payments made after publication of the 2008-2009 directory are barred by the voluntary payment doctrine. Georgia's voluntary payment doctrine provides:

> Payments of claims made through ignorance of the law or where all the facts are known and there is no misplaced confidence and no artifice, deception, or fraudulent practice used by the other party are deemed voluntary and cannot be recovered unless made under an urgent and immediate necessity therefor or to release person or property from detention or to prevent an immediate seizure of person or property. Filing a protest at the time of payment does not change the rule prescribed in this Code section.

O.C.G.A. § 13-1-13. For the 2008-2009 publication, Plaintiff made ten of its twelve payments between November 1, 2008 and September 14, 2009. (SOF at ¶ 19). Plaintiff did not make the final two payments on the 2008-2009 contract.

Plaintiff only challenges the application of this doctrine on two grounds. First, Plaintiff asserts that the voluntary payment doctrine is not applicable because it is not only claiming damages for the fee paid for the advertising, but also damages resulting from negligence, false advertising, and the damage done to Plaintiff's business reputation. (Pl's Response, Dkt. No. [33] at p. 13). As the

11

Court noted above, Plaintiff's only viable claim is for breach of Contract. Plaintiff's argument also fails because damages are limited expressly by the contract to the amount charged for the advertising. (Contract, Dkt. No. [29-2] at ¶ 12). The voluntary payment doctrine applies to Plaintiff's claim for recovery of fees paid to Defendant.

Plaintiff next asserts that it did not voluntarily make the payments because it only made payments to avoid allegations of bad faith and to prevent damages to Plaintiff's credit rating. (ROF at ¶ 15). This defense, however, is insufficient to rise to the level of "urgent and immediate necessity" as required by the statute. See Cotton v. Med-Cor Health Info. Solutions, Inc., 221 Ga. App. 609, 612 (Ga. Ct. App. 1996) (finding that Plaintiff's "claim they made the payments because they would have otherwise risked collection action and impairment of their credit... [did] not constitute an urgent necessity within the meaning of the voluntary payment doctrine"). Thus, Plaintiff has failed to show why the voluntary payment doctrine should not bar its claim. Montgomery Cnty. v. Sharpe, 261 Ga. App. 389, 390 (Ga. Ct. App. 2003) ("The party seeking to recover payments made bears the burden of showing that the voluntary payment doctrine does not apply.")

AO 72A
(Rev.8/82)

To the extent that Plaintiff made any payments for the 2008-2009 directory prior to publication, Plaintiff would have a valid claim with respect to those payments. However, the Court is not aware of any such payments.[7] Thus, Plaintiff is barred from recovering the costs it paid for the advertising in the 2008-2009 directory.

### III.   Defendant's Counterclaims

Defendant's counterclaim seeks damages for breach of contract to recover the unpaid installments of the 2008-2009 contract, and for breach of forum selection clause. (Defendant's Counterclaim, Dkt. No. [19] at ¶ 11). Defendant has only brought a motion for summary judgment on their counterclaim for breach of the forum selection clause claiming that it is entitled to recover the litigation expenses incurred in transferring the case to this Court. (Id.; SOF at ¶ 20). The forum selection clause in the Contract provides:

> Any litigation arising out of or related to this Agreement...shall be filed only in the United States District Court for the Northern District of Georgia or the Superior Court of Dekalb County, Georgia; you hereby consent and submit yourself to the sole and exclusive

---

[7] In fact, it appears that publication occurred sometime in October, 2008. (See Pl's Exhibit J, Dkt. No. [33-10]). Defendant states that Plaintiff did not make their first payment until November 1, 2008, and Plaintiff does not refute that assertion. (SOF at ¶ 15; ROF at ¶ 15).

>jurisdiction and venue of those courts; and you hereby waive any objection based on the convenience of those exclusive venues.

(Contract, Dkt. No. [29-2] at ¶ 18). Plaintiff originally brought this case in the United States District Court for the Southern District of Florida, but subsequently consented to the transfer of the action to this Court. (Plaintiff's Response to Defendants Motion to Dismiss or Transfer, Dkt. No. [29-4]).

Defendant asserts that it is entitled to the attorneys' fees and costs incurred in transferring the case to this Court. The Contract specifically provides that the Contract shall be governed by the laws of the State of Georgia. (Contract, Dkt. No. [29-2] at ¶ 18). Under Georgia law, "attorney fees and expenses of litigation are allowed only where authorized by statute or contract." Atlanta Woman's Club, Inc. v. Washburne, 215 Ga. App. 201, 202 (Ga. Ct. App. 1994). Defendant has not identified any contractual provision or Georgia statute showing an entitlement to recover attorney fees for breach of a forum selection clause. The cases cited by Defendant rely on the law of other jurisdictions, and Defendant has not directed the Court to any decision by a Georgia court that would allow attorneys' fees for breach of a forum selection clause. Consequently, Defendant has not demonstrated that it is entitled to attorneys' fees and costs as a matter of law.

14

## Conclusion

For the foregoing reasons, Defendant's Motion for Partial Summary Judgment [29] is **GRANTED** as to Plaintiff's claims and is **DENIED** as to Defendant's counterclaim for attorneys' fees resulting from the breach of the forum selection clause.

The parties shall file a proposed consolidated pretrial order within 30 days of the entry of this Order.

**SO ORDERED**, this  18th  day of April, 2011.

_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)